Filed 9/10/25  P. v. Morales CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BRADLEY GENE MORALES,<br><br>Defendant and Appellant. | C102219<br><br>(Super. Ct. No. 24CF01098) |

Appointed counsel for defendant Bradley Gene Morales filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm the judgment.

We have, however, found errors in the abstract of judgment as to the presentence custody credits and direct victim restitution which require correction.  Accordingly, we will direct the clerk to prepare a corrected abstract of judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

When the car he was riding in as a passenger was stopped by a Butte County deputy sheriff, defendant got out of the car and fled. The deputy searched the car and found a backpack in the front passenger side of the car, which contained identity documents, five syringes, two filled with a likely mix of blood and methamphetamine, and methamphetamine.

The deputy contacted the owner of the documents. She told the deputy her car had recently been stolen and her identity documents were in the car's center console. She also gave the deputy video footage of her car being stolen by a person who physically resembled defendant, had tattoos in the same location, and walked with a similar gait.

Defendant was later arrested and, when searching defendant, the deputy found methamphetamine in a baggie and an orange needle cap that appeared to match the needles located inside the backpack.

Defendant pleaded no contest to vehicle theft with a prior (Veh. Code, § 10851, subd. (a); Pen. Code, § 666.5) and admitted he had sustained a prior strike conviction (Pen. Code §§ 667, subds. (b)-(j), 1170.12). The trial court granted the People's motion to dismiss the remaining allegations with a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.) As a result of the plea, the court also found defendant violated his post release community supervision by committing the current offense. In accordance with the stipulated plea, the trial court sentenced defendant to the mid-term of three years. The court also imposed 180 days, concurrent, for violating defendant's mandatory supervision. The trial court found defendant had the ability to pay fines and imposed the minimum fines and fees. The court also awarded defendant 317 days of presentence custody credits, 159 actual days and 158 days of section 4019 credits.

At a separate restitution hearing, the parties stipulated to $2,000 in direct victim restitution. The court ordered victim restitution in accordance with the stipulation.

Defendant has appealed. The trial court denied his request for a certificate for probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

Our review of the record has, however, revealed two errors in the abstract of judgment. The first appears to be a typographical error in section 4019 credits. The trial court awarded a total of 317 days of presentence custody credits, 159 actual days and 158 days of section 4019 credits. The abstract only reflects 128 days of section 4019 credits. In addition, the abstract of judgment does not reflect the $2,000 in direct victim restitution. Where there is a discrepancy between the oral pronouncement of judgment and abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Appellate courts may order correction of abstracts of judgment that do not accurately reflect the oral pronouncement of judgment. (*Ibid.*) We order the trial court to correct the abstract of judgment according to our opinion.

## DISPOSITION

The judgment is affirmed. We direct the trial court to issue a corrected abstract of judgment correcting the section 4019 credits to 158 and include the $2,000 in direct victim restitution. The trial court is further directed to forward a certified copy of the

corrected determinate amended abstract to the Department of Corrections and Rehabilitation.

> /s/
> _____
> HULL, Acting P. J.

We concur:

/s/
_____
KRAUSE, J.

/s/
_____
WISEMAN, J.*

_____

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.